FILED
Jun 09, 2020
09:52 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Rachel Ameri, | ) | Docket No. 2019-06-1769 |
|     **Employee,** | ) | |
| **v.** | ) | |
| **Denso Automotive Ohio, Inc.,** | ) | State File No. 57967-2019 |
|     **Employer,** | ) | |
| **And** | ) | |
| **The Hartford Accident & Indemnity** | ) | Judge Kenneth M. Switzer |
| **Co.,** | ) | |
|     **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

Rachel Ameri asked this Court to order Denso Automotive Ohio to provide another panel of physicians, pay for emergency treatment, and provide temporary disability benefits. The Court held an expedited hearing on June 4, 2020, and concludes that because she signed the Choice of Physicians form and accepted treatment with that physician, she is not entitled to a new panel. As for her emergency room visits, Denso is not responsible for those expenses because she never introduced bills of the treatment into evidence. Concerning temporary disability benefits, she failed to establish entitlement at this time.

### History of Claim

Ms. Ameri testified that on August 5, 2019, a pallet full of parts fell on her, pushing her to the ground and injuring her neck and shoulders. Afterward, she spoke with team leader Ken Heiney and plant manager Brandon Hofmann, who offered a panel.

The parties dispute the circumstances surrounding her choice of Dr. Alexander Chernowitz. According to Ms. Ameri, Denso presented her with a panel form, which she completed two days later. She testified that, on the date of injury, Mr. Heiney pointed to Dr. Chernowitz's name on the form and said she must choose him. According to Ms. Ameri, Mr. Heiney then asked Mr. Hofmann if she must choose Dr. Chernowitz, and he said yes. Ms. Ameri said that when she actually completed the form admitted into evidence

1

(Ex. 2 at 6) on August 7, the layout of the document was different, and it listed different physicians than were on the panel she saw on August 5. However, she admitted that the form, dated August 5, contains her handwriting and signature. In contrast, Mr. Heiney's and Mr. Hofmann's affidavits read, using virtually identical verbiage, that Ms. Ameri said she did not wish to see the two doctors on the list who practice in Murfreesboro, so she chose Dr. Chernowitz because his office is in Lebanon.

She saw Dr. Chernowitz that same day. He assessed a contusion of the right shoulder and cervical strain/sprain and restricted her to "work at a reduced pace." The next day, he added lifting and reaching restrictions. He took her off work and referred her to physical therapy on August 9. After an August 13 visit, he placed restrictions again. Neither party introduced treatment records from Dr. Chernowitz after that date. Meanwhile, Ms. Ameri participated in regular physical therapy throughout the month of August.

Ms. Ameri's next authorized medical visit was with orthopedist Dr. Brandon Downs, whom she chose from a panel. According to a medical status form from this visit, he referred her to Dr. Jeffrey Hazlewood.

Dr. Hazlewood's records are incomplete; the parties introduced only notes from Ms. Ameri's last visit on October 30. Dr. Hazlewood wrote:

> Severe complaints of extreme cervical pain with extreme range of motion deficits that I have no medical explanation for. I no longer feel that this is a continued soft tissue strain injury given the fact that I [sic] is essentially no better almost three months out, and she has been through extensive treatment. Her diagnosis is just a symptom of cervical pain, and I have no medical explanation. She has had a CT scan that was negative, and MRO scan that showed pre-existing degenerative changes. Examination shows no objective deficits. She has self limited effort and pain behavior.

Dr. Hazlewood placed her at maximum medical improvement, assigned no permanent restrictions, and assessed a zero-percent impairment rating.

As for her unauthorized treatment, Ms. Ameri testified without contradiction to a pattern of delay on Denso's part in providing authorized care. Specifically, on August 10, she woke up in pain and called four times during the day to request additional treatment. No one answered her calls by 5:00 p.m., so she went to the emergency room.[1] Ms. Ameri

---

[1] Ms. Ameri stated during closing argument that she called Denso on September 6 and attempted to speak to the adjuster, who was unavailable, but someone else told her to go the doctor on her own and it would be covered. The Court cannot consider this assertion as testimony, however, because the proof phase of the case was already closed.

filed a copy of the bill with the Court Clerk, but she did not introduce the bill into evidence at the hearing.

Ms. Ameri testified in her affidavit that Denso reassigned her to a different job to accommodate her restrictions but it paid less. However, she offered no documentation or live testimony regarding the new position, the amount of pay she earned in the previous job and the new one, and when she began the new position.

Ms. Ameri testified in her affidavit that she still suffers from neck pain, and she asked that the Court order Denso to provide a new panel.

### Findings of Fact and Conclusions of Law

Ms. Ameri must show that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Turning first to Ms. Ameri's contentions regarding the manner in which she chose a physician, Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) states in relevant part that "[t]he injured employee shall accept the medical benefits afforded under this section; provided that . . . the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician."

Here, Mr. Heiney and Mr. Hofmann testified by affidavit that Ms. Ameri chose Dr. Chernowitz due to his location in Lebanon. On close examination of these affidavits, the Court notes that they contain nearly identical language in statements one through nine – right down to the same misspellings. Although their testimony by affidavit complies with the Court's rules regarding their admissibility into evidence, this method of evidence presentation left Ms. Ameri no opportunity to cross-examine them. For these reasons, the Court gives little weight to either affidavit.

In contrast, Ms. Ameri credibly testified that she received two panel forms, and that with the first panel, her supervisors directed her to choose Dr. Chernowitz. Importantly, however, only one panel was admitted into evidence, and Ms. Ameri acknowledged that it bears her signature. Looking to the four corners of the panel form, the Court finds that Denso offered a panel of three physicians, and Ms. Ameri selected Dr. Chernowitz, signed the form, and accepted treatment from him. Under these circumstances, the Court finds that Denso complied with the Workers' Compensation Law and holds that Ms. Ameri is not entitled to a new panel of physicians.

The Court next turns to Ms. Ameri's request that Denso pay for her emergency room visits. An employer may risk being required to pay for unauthorized treatment if it does

3

not provide the treatment made reasonably necessary by the work injury as required by Tennessee Code Annotated section 50-6-204(a)(1)(A). *Hackney v. Integrity Staffing Solutions,* 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at \*8-9 (July 22, 2016). However, the employer must first be given an opportunity to provide the treatment, and "[w]hether an employee is justified in seeking additional medical services to be paid for by the employer without consulting the employer depends on the circumstances of each case." *Id.* at \*9. As observed by the Tennessee Supreme Court, an "employee [should] do no less than to consult [the] employer before incurring expenses called for by the statute if the employee expects the employer to pay for them." *Id., citing Dorris v. INA Ins. Co.*, 764 S.W.2d 538, 541 (Tenn. 1989)

In this case, Ms. Ameri credibly testified to delays in scheduling appointments when she experienced pain. Specifically, the Court finds that she consulted Denso on August 10. When it did not act promptly to provide treatment, she reasonably sought emergency care on her own. However, since the medical bill was not admitted into evidence, the record constrains the Court from ordering payment at this time.

Finally, the Court considers Ms. Ameri's request for temporary disability benefits. Tennessee law recognizes two types of temporary disability benefits: temporary total and temporary partial disability.

Tennessee Code Annotated section 50-6-205(a) states that "no compensation shall be allowed for the first seven days of disability." Here, Ms. Ameri provided documentation showing Dr. Chernowitz took her off work on August 9 through 13, four days, so she is ineligible for temporary total disability benefits for that time. She did not provide any other medical documentation taking her completely off work.

An injured worker is entitled to temporary partial disability benefits when the temporary disability is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2). Temporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery. *Frye v. Vincent Printing Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at \*15-16 (Aug. 2, 2016.) In Ms. Ameri's case, Dr. Chernowitz placed restrictions, which Denso accommodated by placing her in a different position that she said paid less. However, she offered no testimony or documentary proof to show when the new job started, how much less money she earned, and for how long. On this record, the Court is unable to grant either temporary total or temporary partial benefits at this time.

In conclusion, Ms. Ameri has not presented sufficient evidence from which this Court may conclude that she is likely to prevail at a hearing on the merits. Her requests are denied at this time.

4

This case is set for a scheduling hearing on **July 13, 2020, at 9:30 a.m. Central Time.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call might result in a determination of the issues without your participation.

**ENTERED June 9, 2020.**

*Kenneth M. Switzer*
_____
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1) Affidavit of Rachel Ameri
2) Affidavit of Brandon Hofmann, with attached Choice of Physicians form and email resignation.
3) Affidavit of Ken Heiney
4) Medical Records filed by Employer
5) Additional Medical Records

Technical record:
1) Petition for Benefit Determination
2) Dispute Certification Notice
3) Order (setting a show-cause hearing)
4) Order on Show Cause Hearing
5) Request for Expedited Hearing
6) Employer's List of Anticipated Witnesses and Exhibits
7) Employer's Expedited hearing Position Statement
8) Transfer Order and Order Setting Pretrial
9) Pretrial Order

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on June 9, 2020.

| Name | Certified Mail | Regular Mail | Email | Service sent to: |
|---|---|---|---|---|
| Rachel Ameri, Employee | | X | X | Rachelameri@aol.com<br>231B Hidden Acres Dr.<br>Lebanon, TN 37087 |
| Andrew Hebar, David Otten, Employer's attorneys | | | X | ahebar@wimberlylawson.com<br>dotten@wimberlylawson.com<br>snunnally@wimberlylawson.com |

_____
Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____       ☐ Motion Order filed on _____

☐ Compensation Order filed on_____       ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

LB-1099 rev. 01/20                          Page **1** of **2**                          RDA 11082

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*